## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 1, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JOHN HATFIELD,**
**Claimant Below, Petitioner**

**vs.)   No. 14-0885** (BOR Appeal No. 2049324)
                    (Claim No. 2011036327)

**BRODY MINING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner John Hatfield, by Stephen P. New, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Brody Mining, LLC, by Jillian L. Moore, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 26, 2014, in which the Board affirmed a March 14, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 12, 2012, decision granting Mr. Hatfield a 13% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hatfield worked as an underground miner for Brody Mining, LLC. On May 6, 2011, Mr. Hatfield was struck by a rock fall in a mine. He sustained injuries to his head, face, and right upper extremity. Mr. Hatfield was treated on the day of the injury at Charleston Area Medical Center where he came under the care of Shawn Storm, D.O. Dr. Storm determined that Mr. Hatfield sustained a fracture of his right wrist and forearm, and he performed an open reduction fixation of the right radial shaft. Following the surgery, the claims administrator held the claim compensable for a closed fracture of the malar and maxillary bones, a closed fracture of the

1

radius shaft, a closed dislocation of the distal radioulnar, and an unspecified head injury. Three and a half months after the surgery, Dr. Storm examined Mr. Hatfield and found that he had healed from the surgery. Dr. Storm also found that Mr. Hatfield had functional forearm and wrist range of motion as well as full elbow range of motion. Dr. Storm noted that he had some complaints of left shoulder pain. Dr. Storm found that the x-rays taken of Mr. Hatfield's shoulder showed minimal degenerative changes at the glenohumeral and acromioclavicular joint, but he noted that the x-rays were negative for impingement of the left shoulder. He also released Mr. Hatfield to return to light duty work. Prasadarao B. Mukkamala, M.D., then evaluated Mr. Hatfield. He found that Mr. Hatfield had returned to work for Brody Mining, LLC, and had reached his maximum degree of medical improvement. Utilizing the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), Dr. Mukkamala determined that Mr. Hatfield had 2% whole person impairment related to the fracture of his malar and maxillary bones. He also found that Mr. Hatfield had 11% whole person impairment for the fracture of the shaft of the radius and the radioulnar dislocation. Dr. Mukkamala combined these ratings and found that Mr. Hatfield had 13% whole person impairment for his forearm fracture. Dr. Mukkamala also tested Mr. Hatfield's range of motion in his right shoulder, but he noted that the testing was not reliable and should not be used to calculate Mr. Hatfield's whole person impairment. Dr. Mukkamala determined that there was no evidence of additional impairment related to the compensable injury. Michael A. Krasnow, D.O., Ph.D., also performed an ophthalmic evaluation of Mr. Hatfield. He determined that Mr. Hatfield had myopia and astigmatism that were not related to the compensable injury. He believed that Mr. Hatfield also had loss of his field of vision and color vision which may have been caused by the mining accident. However, Dr. Krasnow stated that he had insufficient information to explain the impairment of Mr. Hatfield's visual system. Dr. Krasnow issued an addendum report a week later, stating that Mr. Hatfield's loss of field of vision was unexplained. He recommended that Mr. Hatfield undergo an MRI to determine the cause of his vision impairment.

On January 12, 2012, the claims administrator granted Mr. Hatfield a 13% permanent partial disability award based on Dr. Mukkamala's recommendation. Several weeks later, it also authorized testing, including an MRI, of Mr. Hatfield's brain to determine if his visual disturbances were related to the compensable injury.[1] Bruce A. Guberman, M.D., also evaluated Mr. Hatfield. Dr. Guberman found that Mr. Hatfield had 7% impairment for his mental status as well as 7% impairment for his cranial nerve problems. He also found 2% impairment because he believed Mr. Hatfield had equilibrium and balance problems. Dr. Guberman calculated that Mr. Hatfield had 12% impairment for his right arm and 5% impairment for his right shoulder under the American Medical Association's *Guides*. He determined that these various ratings equated to a 29% whole person impairment rating under the Combined Values Chart of the American Medical Association's *Guides*. He found that Mr. Hatfield was entitled to an additional 16% permanent partial disability award because he had already been granted a 13% award. Dr. Guberman also suggested that Mr. Hatfield receive an ophthalmological evaluation and indicated that he may be entitled to an additional award based on that evaluation.

---

[1] There is no evidence in the record that Mr. Hatfield sought the additional testing or MRI authorized by this claims administrator decision.

2

A year later, Bobby A. Miller II, M.D., performed an independent neuropsychiatric forensic evaluation of Mr. Hatfield. He found that Mr. Hatfield did not complain of any clinically significant residuals of a brain injury. He also found that Mr. Hatfield alleged symptoms that were highly atypical in patients with genuine psychiatric or cognitive disorders. He also believed that Mr. Hatfield was exaggerating the significance of his neurological injury. Dr. Miller found that Mr. Hatfield had reached his maximum degree of medical improvement and had no whole person impairment related to his psychiatric and cognitive functioning. Jerry W. Scott, M.D., also evaluated Mr. Hatfield. He noted that Mr. Hatfield had no limitation in his daily functioning or his full-time work as a coal miner. Dr. Scott, however, found that Mr. Hatfield had 1% impairment for his right upper extremity. On March 14, 2014, the Office of Judges affirmed the claims administrator's decision granting Mr. Hatfield a 13% permanent partial disability award. The Board of Review affirmed the Office of Judges' Order on August 26, 2014, leading Mr. Hatfield to appeal.

The Office of Judges concluded that Mr. Hatfield has a total of 13% whole person impairment related to the compensable injury. The Office of Judges based this determination on the evaluation of Dr. Mukkamala. The Office of Judges found that Dr. Mukkamala's impairment recommendation was the most persuasive assessment of the permanent disability related to the compensable injury. The Office of Judges also considered the evaluation of Dr. Guberman, but it found that his recommendation was unreliable because he included an impairment percentage for non-compensable conditions. The Office of Judges also found that Dr. Guberman's assessment of the impairment related to Mr. Hatfield's head injury was not reliable because his findings were not consistent with the report of Dr. Miller. The Office of Judges determined that Dr. Miller's evaluation of Mr. Hatfield's neuropsychiatric impairment was more reliable than Dr. Guberman's assessment because Dr. Miller performed a thorough neuropsychiatric forensic evaluation. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Hatfield has not demonstrated that he is entitled to any greater than a 13% permanent partial disability award related to his compensable injury. The evaluation of Dr. Mukkamala demonstrates that Mr. Hatfield has 13% whole person impairment related to his right forearm and wrist fracture. Dr. Mukkamala's evaluation was sufficiently thorough and his impairment recommendation is consistent with the directives of the American Medical Association's *Guides*. The Office of Judges was within its discretion in basing Mr. Hatfield's permanent partial disability award on Dr. Mukkamala's impairment recommendation. The Office of Judges also properly determined that Dr. Guberman's 29% whole person impairment rating was not reliable because it was based, in part, on the inclusion of an impairment percentage for several non-compensable conditions. Dr. Guberman's impairment calculation is especially undermined by the determination in Dr. Miller's neuropsychiatric evaluation that Mr. Hatfield did not have any cognitive or psychiatric impairment related to the compensable injury. The inclusion of a rating for non-compensable conditions sufficiently undermined the credibility of Dr. Guberman's opinion, and the Office of Judges provided adequate reasons for disregarding his assessment of Mr. Hatfield's disability.

3

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   June 1, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II